IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLTTECH, LLC,                               )
                                             )
                         Plaintiff,          )
                                             )        CIVIL ACTION
v.                                           )
                                             )        No. 07-2545-KHV
JLL PARTNERS, INC.,                          )
                                             )
                         Defendant.          )
_____)

## MEMORANDUM AND ORDER

Under Kansas law, ColtTech, LLC brings suit against JLL Partners, Inc. seeking to recover the unpaid balance on certain purchase orders. This matter comes before the Court on Defendant's Motion For Summary Judgment (Doc. #9) filed November 16, 2007. For reasons stated below, the Court sustains the motion.

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the

nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

## Background

The following material facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to ColtTech, the nonmoving party.

JLL Partners, Inc. ("JLL Partners") is a private equity firm which manages investments in companies engaged in manufacturing and service industries. Specifically, JLL Partners manages the investments of one of several member companies of McKechnie Holdings, LLC ("McKechnie Holdings"), a group of private investment companies.

In October of 2007, McKechnie Holdings purchased McKechnie Aerospace Investments, Inc.

("McKechnie Aerospace") from Melrose PLC, a British investment company.[1]  Since 2000,

McKechnie Aerospace has owned Western Sky Industries, LLC ("WSI").[2]  In 1994, WSI purchased

all assets of Electromech Technologies ("Electromech") and since that time has operated Electromech

as a division of its company.[3]  Electromech designs and manufactures mechanical aircraft

---

[1]	Before this purchase, several successive parent companies – including Melrose PLC – had controlled McKechnie Aerospace.

[2]	In 1999, McKechnie Aerospace purchased all the stock of Western Sky Industries, Inc. In 2000, WSI became a limited liability company organized under Delaware law.  At all times since this transformation, McKechnie Aerospace has been the sole member of WSI.

[3]	ColtTech disputes that Electromech is a division of WSI, but this evidence is supported by the affidavits of JLL Partners representative Brett Milgrim, see Affidavit Of Brett Milgrim, attached as Exhibit A to Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #10) filed November 16, 2007 ¶ 4, and WSI officer Bruce Graben, see Affidavit Of Bruce Graben, attached as Exhibit A to JLL Partners, Inc.'s Memorandum In Reply to [ColtTech's] Oppostition To Summary Judgment (Doc. #23) filed January 10, 2008 ¶¶ 3, 7.  ColtTech argues that because Milgrim is not a representative of WSI, he is not competent to testify whether Electromech is a division of WSI.  Even if this is true, Graben is a WSI officer and his testimony on this point is sufficient.
	ColtTech attempts to controvert this fact with the testimony of one of its members, Jeff Lynn. Specifically, Lynn states that "[t]o the best of my knowledge, information and belief, Electromech Technologies is a division of McKechnie Aerospace."  Affidavit Of Jeff Lynn (Doc. #20) filed December 10, 2007 ¶ 4.  Under Rule 56(e), Fed. R. Civ. P., affidavits supporting or opposing summary judgment must be made on personal knowledge.  In this regard, affidavit testimony prefaced by phrases such as "to the best of my knowledge" and "on information and belief" is not sufficient.  See Told v. Tig Premier Ins. Co., 149 Fed. Appx. 722, 725-26 (10th Cir. 2005) (declaration that facts are true to the best of affiant's knowledge, information and belief not sufficient under Rule 56(e)).  Because Lynn does not state with any level of certainty that Electromech is a division of McKechnie Aerospace, the Court disregards his testimony to that effect.
	ColtTech also submits copies of web pages which purport to identify Electromech as part of the McKechnie Aerospace Electromechanical Group.  See Exhibits D & E, attached to Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #18) filed December 7, 2007. ColtTech does not attempt to authenticate these documents through affidavit or otherwise.  For purposes of summary judgment, the Court does not consider unsworn, unauthenticated documents, including printed copies of web sites.  See Baca v. Clark, No. 06-cv-00714, 2007 WL 202054, at *6 (D. Colo. July 9, 2007) (failure to authenticate exhibits printed from web site fatal to consideration of such evidence on summary judgment).  Moreover, these documents do not affirmatively state that Electromech is a division of McKechnie Aerospace or otherwise controvert the fact that Electromech
(continued...)

components.

Between January and June of 2006, Electromech submitted several purchase orders to ColtTech, LLC ("ColtTech"), which designs and manufactures electronic components. In accordance with the parties' agreements, ColtTech manufactured and delivered the products. Electromech has not paid plaintiff for some of those products, and ColtTech seeks to collect from JLL Partners the sums due. Specifically, ColtTech claims (1) in Count I, that JLL Partners – as owner of Electromech – is liable for the amount due; and (2) alternatively in Count II, that JLL Partners is liable under the equitable theory of quantum meruit because it does business as Electromech. JLL Partners seeks summary judgment on both counts because (1) it is not responsible for Electromech's debts, and (2) no writing between it and ColtTech satisfies the statute of frauds.

## Analysis

ColtTech seeks to shift the liability for Electromech debt up the corporate chain from WSI to McKechnie Aerospace to McKechnie Holdings to JLL Partners. JLL Partners argues that it is entitled to summary judgment because as a matter of law, it is not responsible for Electromech's debts to ColtTech. This argument is correct, and dispositive.

The record is clear that at all relevant times, Electromech has not functioned as an independent corporate entity. As a division of WSI, Electromech debt is actually that of WSI. As noted above, the sole member of WSI has always been McKechnie Aerospace. To shift WSI's

---

[3](...continued)
is a division of WSI.

From the record, the Court finds no competent evidence which raises a genuine issue of material fact whether Electromech is a division of WSI. As explained below, however, even if the Court adopted ColtTech's claim that Electromech is a division of McKechnie Aerospace, ColtTech could not avoid summary judgment.

liability up the corporate chain, ColtTech first must demonstrate that McKechnie Aerospace is liable for the debt of WSI.  WSI is organized under Delaware law, which follows the general rule that unless an agreement specifically provides otherwise, LLC members are not personally liable for the debts of the LLC solely because of their membership.[4]  Del. Code Ann. tit. 18, § 303(a)-(b).  Here, ColtTech presents no evidence that McKechnie Aerospace became obligated for WSI debt to ColtTech arising out of Electromech purchase orders.  On this record, the Court follows the general rule that LLC members are not liable for the debts of the LLC and therefore finds as a matter of law that McKechnie Aerospace – as the sole member of WSI – is not liable for WSI debt arising out of Electromech purchase orders.

Because plaintiff cannot shift liability for WSI debt to McKechnie Aerospace, it certainly cannot shift liability further up the corporate chain to McKechnie Holdings or to that company's shareholders or sponsors, including JLL Partners.  The record contains no genuine issue of material fact whether JLL Partners is liable for the amounts due ColtTech under the purchase orders with Electromech, and JLL Partners is therefore entitled to summary judgment on ColtTech's claims.[5]

Even if the Court were inclined to accept ColtTech's claim that Electromech is a division of McKechnie Aerospace rather than WSI, its claims would not survive summary judgment.  Under

---

[4]  Under Kansas law, the law of state in which a foreign LLC is organized governs the liability of the members of that LLC.  K.S.A. § 17-76,120.

[5]  In arguing whether JLL Partners is liable for Electromech debt, the parties do not differentiate between ColtTech's separate claims.  As noted above, Count I seeks recovery against JLL Partners as the owner of Electromech and Count II seeks recovery against JLL Partners for unjust enrichment while doing business as Electromech.  Because ColtTech cannot overcome the multiple layers of corporate division between JLL Partners and Electromech, it cannot demonstrate that JLL Partners acted as owner of or did business as Electromech.  Consequently, the motion for summary judgment disposes of both claims.

ColTech's scenario, Electromech debt would actually be McKechnie Aerospace debt.  The record clearly establishes that McKechnie Aerospace is a subsidiary of McKechnie Holdings.  With regard to the derivative liability of a parent company for the acts of its subsidiary, the Supreme Court has stated that "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  United States v. Bestfoods, 524 U.S. 51, 61 (1998) (internal quotations omitted).  Only where the Court pierces the subsidiary's corporate veil will the parent company be held liable for the subsidiary's acts.  Id. at 62 (corporate veil may be pierced and shareholder held liable for corporation's conduct when corporate form misused to accomplish wrongful purpose on shareholder's behalf).  Here, the record contains no evidence of wrongful conduct which would allow the Court to disregard McKechnie Aerospace's corporate form and impose liability on McKechnie Holdings for Electromech debt.  See Dean Operations, Inc. v. One Seventy Assocs., 257 Kan. 676, 681, 896 P.2d 1012, 1016 (1995) (absent fraud or other invidious and vitiating circumstances, fact that one corporation owns nearly all stock of another corporation does not have legal effect of making parent corporation liable for debts of subsidiary corporation); Triplett, Inc. v. Ol'Mac Motors, Inc., No. 95,805, 2007 WL 1042150, at *2 (Kan. Ct. App. Apr. 6, 2007) (power to pierce corporate veil exercised reluctantly and cautiously to avoid potential injury to third parties by fraud, illegality or injustice worked through legal fiction of corporate identity).  Without shifting liability to McKechnie Holdings, ColTech cannot impose liability on that company's members or sponsors, including JLL Partners.[6]

---

[6]      In addition, the Court notes that even if ColTech were able to pierce the corporate veil of McKechnie Aerospace and shift Electromech debt to McKechnie Holdings, ColTech does not
(continued...)

In sum, the record contains no evidence which suggests that JLL Partners is legally responsible for Electromech debt to ColtTech.  Because ColtTech has not demonstrated a genuine issue of material fact whether JLL Partners is liable for such debt, the Court finds that JLL Partners is entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion For Summary Judgment</u> (Doc. #9) filed November 16, 2007 be and hereby is **SUSTAINED**.  The Clerk of the Court is directed in enter judgment in favor of defendant on all counts.

Dated this 5th day of March, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

---

[6](...continued)
explain how JLL Partners could be held liable for the debt of McKechnie Holdings – a limited liability company.  The record contains no evidence that JLL Partners is a member of McKechnie Holdings or that it has obligated itself for debt which McKechnie Holdings incurs.  It is uncontroverted that JLL Partners is a private equity firm which sponsors one of several member investors in McKechnie Holdings. ColtTech cites no authority for the proposition that a financial sponsor of a parent company's member may be held liable for debts which the company incurs, even if the Court pierces the corporate veil of the subsidiary.